In the Matter of the Petition of HARVEY SEWELL.

(*July* 13, 1959.)

CAREY, J., sitting.

*Howard T. Ennis, Jr.* (of McNeilly and Ennis) for petitioner.

*Frederick P. Whitney*, Deputy Attorney-General, for respondent.

Superior Court for Sussex County, Rule No. 1, June Term, 1959.

CAREY, J.:

The facts are not in dispute. The petitioner was charged before Theodore R. Dick, a Justice of the Peace in Sussex County, with driving a motor vehicle while under the influence of alcoholic liquor. The day following the alleged offense, he appeared before the Justice, who informed him of his right to elect to have the case tried by the Court of Common Pleas for Sussex County under Title 11 *Del. C.* § 5602. He elected to be tried by the Justice. He then requested a continuance which was granted. A day or two later, he employed counsel who advised the Justice that petitioner elected to be tried in Common Pleas. The Justice declined to send the case to Common Pleas, on the ground that petitioner had previously made the contrary election.

Petitioner then filed in this Court the present petition for a rule to show cause, the object of which is to compel the Justice to transfer the case to Common Pleas. Jurisdiction of this Court to grant the relief sought is claimed under Title 10 *Del. C.* § 542 (a) which reads as follows:

"The Superior Court shall have full power and authority to examine, correct and punish the contempts, omissions, neglects, favors, corruptions and defaults of all justices of the peace, sheriffs, coroners, clerks and other officers, within this State."

Assuming that this statute gives us power to enter the type of order herein sought, it is obvious that such a procedure is not designed to be used as a substitute for an appeal, writ of prohibition, or other customary remedy. Certainly, under any theory, the statute is not intended to be a means of controlling the judicial discretion of a Justice of the Peace.

In the present case, the petitioner voluntarily elected trial by the Justice, after having been informed of his right of election. No reason for his desire to change that election has been mentioned either to the Justice or to this Court, other than

the mere fact that he engaged an Attorney after having made it. His request, in fact, is not based upon any possible discretion which might be available to either Court; it is predicated upon the theory that he has an absolute right under the transfer statute to make the change at any time before trial. I cannot agree with this contention. Carried to its logical conclusion, it would permit a defendant to change his election any number of times before trial, with no Court having the power to call a halt. It could thus result in considerable harassment to the prosecuting authorities as well as inconvenience to the Courts. There is no reason to suppose that the Legislature intended such results. The absolute right to choose between the two forums does not carry with it the absolute right to change an election once made, if voluntary and with knowledge of one's rights. No opinion need be expressed as to what reasons would be considered proper cause requiring the allowance of a change of election, nor as to whether a Justice of the Peace has discretionary power to allow the change without a showing of proper cause.

■ The situation herein presented does not warrant action by this Court under Title 10 *Del. C.* § 542. The Rule will be discharged and the petition dismissed, with costs upon the petitioner.